IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PERCY FOREMAN,                        §
TDCJ #926545,                         §
                                      §
          Petitioner,                 §
                                      §
v.                                    §     CIVIL ACTION NO. H-04-4454
                                      §
DOUG DRETKE,                          §
                                      §
          Respondent.                 §

**MEMORANDUM OPINION AND ORDER**

Petitioner, Percy Foreman, proceeding pro se and in forma pauperis, filed a federal habeas petition pursuant to 28 U.S.C. § 2254, challenging his state court conviction (Docket Entry No. 1). Pending before the court are (1) Petitioner's Motions for Evidentiary Hearing, Discovery, Retesting of DNA Evidence, and Appointment of Counsel (Docket Entry No. 11) and (2) Respondent Dretke's Motion for Summary Judgment (Docket Entry No. 9), to which Foreman has responded (Docket Entry No. 13).

Having considered the pleadings, the record, and the applicable law, the court will grant respondent's motion for summary judgment and deny habeas relief for the reasons addressed below. The court will also deny Foreman's motions for evidentiary hearing, discovery, retesting of DNA evidence, and appointment of counsel.

## I.  <u>Procedural History and Claims</u>

Foreman was convicted by a jury of sexual assault of a child in cause number 772040 in the 337th District Court of Harris County, Texas, on May 24, 2000.  The jury, having found two enhancement paragraphs to be true, sentenced Foreman to forty years' confinement.  The Fourteenth Court of Appeals affirmed the conviction in an unpublished opinion dated November 1, 2001. <u>Foreman v. Texas</u>, No. 14-00-00877-CR, 2001 WL 1875660 (Tex. App. –– Houston [14th Dist.] 2001, pet. ref'd).  Foreman's petition for discretionary review to the Texas Court of Criminal Appeals was refused on May 29, 2002.

Foreman filed a state application for habeas corpus on August 19, 2002, raising ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and outrageous government conduct as grounds for relief.[1]  <u>Ex parte Foreman</u>, Application No. 53,296-02, at 14, 36-37.  The application was denied on August 25, 2004, without written order on the findings of the trial court without a hearing.  <u>Id.</u> at cover.  Foreman filed a previous federal habeas petition, which was dismissed by this court on May 2, 2003, for failure to exhaust state remedies.  Civil

_____

[1]These grounds were included in Foreman's First Amended Application for Writ of Habeas Corpus.  <u>Ex parte Foreman</u>, Application No. 53,296-02, at 31.  Foreman's original application asserted ineffective assistance of counsel, improper DNA testing, and mental incompetency as grounds for relief.  <u>Id.</u> at 7-8.

Action No. H-03-0741.   Foreman filed the instant petition for federal habeas relief on November 19, 2004 (Docket Entry No. 1).

Foreman asserts six grounds for habeas relief:

(1)  ineffective assistance of trial counsel,

(2)  ineffective assistance of appellate counsel,

(3)  prosecutorial misconduct,

(4)  violation of the Confrontation Clause,

(5)  violation of due process right to present a defense, and

(6)  actual innocence.

Respondent seeks summary judgement on each claim.

Foreman also moves for an evidentiary hearing, discovery, retesting of DNA evidence, and appointment of counsel.

## II.   Standards of Review

### A.   Summary Judgment Standard of Review

Respondent's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  Under Rule 56(c) summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Material facts are those that may "affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).  A dispute

-3-

over a material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party."  Id.

The party moving for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).  Once the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).  When considering a summary judgment motion, the court resolves any doubts and draws any inferences in favor of the nonmoving party.  Hunt v. Cromartie, 119 S. Ct. 1545, 1552 (1999).

## B.   AEDPA Standard of Review

Foreman's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  See Lindh v. Murphy, 117 S. Ct. 2059, 2063 (1997).  The AEDPA serves to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under the law. Bell v. Cone, 122 S. Ct. 1843, 1849 (2002).  The statute "was enacted, at least in part, to ensure comity, finality, and deference to state court habeas determinations by limiting the scope of collateral review and raising the standard for federal habeas relief."  Robertson v. Cain, 324 F.3d 297, 306 (5th Cir. 2003).  Under the AEDPA federal habeas relief may only be granted

-4-

with respect to a claim adjudicated on the merits in state court in two situations.  <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1519 (2000). First, relief may be granted if the state decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Second, relief may be granted if the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  <u>Id.</u> § 2254(d)(2).

A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing federal precedent or confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the one reached by the Court.  <u>Early v. Packer</u>, 123 S. Ct. 362, 365 (2002) (citing <u>Williams</u>, 120 S. Ct. at 1519).  A state court unreasonably applies federal law if it (1) identifies the correct governing legal rule from the Supreme Court but unreasonably applies it to the particular facts of the state prisoner's case, (2) unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or (3) unreasonably refuses to extend that principle to a new context where it should apply.  <u>Williams</u>, 120 S. Ct. at 1520.

The AEDPA affords deference to a state court's resolution of issues of fact.  Section 2254(d)(2) prevents a decision adjudicated on the merits in a state court from being overturned on factual

grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding.  <u>Miller-El v. Cockrell</u>, 123 S. Ct. 1029, 1043 (2003).  A federal habeas court must presume the underlying factual determinations of the state court to be correct.  28 U.S.C. § 2254(e)(1).  The petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence."  <u>Id.</u>; <u>see also</u> <u>Miller-El</u>, 123 S. Ct. at 1036.

Under Texas law the "denial" of a state habeas application signifies that the court addressed and rejected the merits of a particular claim, whereas a "dismissal" signifies that the court did not consider the merits of the claim.  <u>See</u> <u>Ex parte Torres</u>, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).  Because the Court of Criminal Appeals denied Foreman's state petition, there was an adjudication on its merits in a state court.  In order to obtain federal relief Foreman must therefore show that the state court's decision does not survive the standard of review contained in 28 U.S.C. § 2254(d).

### III.  <u>Analysis of Claims</u>

### A.  Ineffective Assistance of Trial Counsel

In his first ground for relief Foreman argues that he was denied effective assistance of trial counsel in several respects.[2]

---

[2]Petition for a Writ of Habeas Corpus, Docket Entry No. 1, at 7.

The general substance of Foreman's ineffective assistance argument is that "the isolated and cumulative effect of [his counsel's] erroneous acts or omissions . . . impermissibly shifted the burden of proof . . ., misled the jury on vital issues, bolstered the state's evidence, and resulted in the conviction of a [sic] actually innocent man."[3]   Specifically, Foreman complains that counsel

    (1)  failed to hire a DNA expert to testify at trial;

    (2)  failed to introduce the results of Foreman's independent DNA consultation;

    (3)  improperly requested a motion in limine to exclude evidence or mention of the independent DNA consultation;

    (4)  failed to effectively cross-examine DNA analyst Raynard Cockrell of the Houston Police Department (HPD);

    (5)  failed to discredit the state's DNA results by showing that proper protocols were not administered;

    (6)  failed to object to certain of the prosecutor's statements during voir dire;

    (7)  failed to object to the prosecutor's comment on Foreman's failure to call a DNA expert;

    (8)  failed to object to hearsay statements by the complainant and Officer Charles Sheffield of the HPD;

    (9)  failed to object to the admissibility of DNA evidence;

---

[3]Petitioner's Brief, Docket Entry No. 1, at 6.

(10) failed to object to the admissibility of the complainant's testimony on grounds of prior inconsistent statements made by the complainant; and

(11) failed to request a curative instruction for two of his sustained objections.[4]

1.   <u>Legal Standard</u>

A federal habeas court reviews allegations of ineffective assistance of counsel by applying the two-pronged standard announced by the Supreme Court in <u>Strickland v. Washington</u>, 104 S. Ct. 2052 (1984).   To establish ineffective assistance under <u>Strickland</u>, a petitioner must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense.   <u>Id.</u> at 2064.   A court need not approach the two <u>Strickland</u> inquiries in any particular order; a failure to establish either requirement necessarily defeats a petitioner's claims.   <u>Id</u>.

Under the first prong of <u>Strickland</u>, a petitioner must show that counsel's performance was deficient.   "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."   <u>Id</u>.   Where counsel's performance falls below an objective standard of reasonableness, as judged by professional norms prevailing at the time counsel rendered assistance, it is

_____

[4]<u>Id.</u> at 1-6.

-8-

deficient.  Id.; Bryant v. Scott, 28 F.3d 1411, 1414 (5th Cir. 1994) (quoting Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992)).  A petitioner must overcome the presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that under the circumstances the challenged action might be considered sound trial strategy.  Strickland, 104 S. Ct. at 2064; West v. Johnson, 92 F.3d 1385, 1400 (5th Cir. 1996); Amos v. Scott, 61 F.3d 333, 347-48 (5th Cir. 1995); Mann v. Scott, 41 F.3d 968, 983 (5th Cir. 1994); Wilkerson v. Collins, 950 F.2d 1054, 1065 (5th Cir. 1992) (noting that to overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment).  "Judicial scrutiny of counsel's performance must be highly deferential."  Strickland, 104 S. Ct. at 2065.  A fair assessment of attorney performance requires that every effort be made to eliminate "the distorting effects of hindsight."  Id.

Actual prejudice is shown under the second prong of Strickland where there is a reasonable probability that, but for counsel's errors, the outcome of the trial would have been different.  Id. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Id.  The prejudice inquiry, therefore, "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.  Unreliability or unfairness does

not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993); Johnson v. Scott, 68 F.3d 106, 109 (5th Cir. 1995). Strickland requires that a petitioner affirmatively prove prejudice. Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994).

    2.   Failures with Regard to DNA Evidence

Several of Foreman's objections challenge counsel's performance as it relates to the use of DNA evidence at trial. Foreman alleges that he was deprived of effective assistance through counsel's (1) failure to hire a testifying DNA expert, (2) failure to raise the results of the independent DNA consultation and testing, and (3) filing a motion in limine to exclude evidence or mention of the independent DNA testing.

In reviewing these claims the court presumes that each of these acts falls within the wide range of reasonable professional assistance or is the product of sound trial strategy. See Strickland, 104 S. Ct. at 2064. The record shows that counsel hired a consulting DNA expert, had the DNA retested, and then moved to exclude the results of the independent testing through a motion in limine. (C.R. 24-25, 95-97, 101; VI R.R. 26-27, 30)[5] The state

     [5]"C.R." refers to the clerk's record. "R.R." refers to the reporter's record.

-10-

suggests these acts are indicative of inculpatory test results and counsel's sound trial strategy to keep the results from the jury.[6] Because Foreman offers no proof that the testing was exculpatory, the court presumes that the state is correct and that counsel's strategy was reasonable. Accordingly, the aforementioned acts cannot serve as a basis for Foreman's ineffective assistance claim.

Foreman next complains that counsel's performance was deficient in that counsel (1) failed to properly cross-examine Raynard Cockrell, a DNA analyst for the HPD, as to the results of the third DNA swab and (2) failed to discredit the DNA results by showing that proper testing protocols were not administered by the HPD crime lab. As to the latter ground, Foreman specifically asserts that counsel should have questioned the degree of care exercised in extracting the DNA, challenged the restriction fragment length polymorphism (RFLP) results, and brought attention to prior inconsistent statements made by the nurse responsible for taking the rape kit swabs.

These claims are dealt with most efficiently under the prejudice prong of Strickland. Nothing in the record demonstrates a reasonable probability that had counsel performed to Foreman's satisfaction the result of the trial would have been different. As the respondent correctly points out, the issue at trial was not

---

[6]Respondent Dretke's Motion for Summary Judgment, Docket Entry No. 9, at 9.

Foreman's identity.[7]  Even if counsel had succeeded in suppressing all DNA evidence, the jury heard ample other evidence establishing Foreman as the perpetrator of the crime.  For example, the complainant identified Foreman as the man who sexually assaulted her, and Foreman's niece testified that Foreman told her he had intercourse with the minor complainant. (IV R.R. 28-29; V R.R. 39-40)  Because Foreman's identity was otherwise established, his defense was not prejudiced by counsel's alleged failure to effectively cross-examine Raynard Cockrell or discredit the DNA results.  The court therefore concludes that Foreman has not met his burden of proving prejudice under <u>Strickland</u> and that these acts similarly fail to support an ineffective assistance claim.

### 3.  <u>Failures to Object</u>

The remainder of Foreman's allegations of ineffective assistance relate to counsel's failure to make certain objections. Foreman identifies five instances in which he believes counsel's failure to object constituted ineffective assistance.

The first two instances identified by Foreman arise from comments made by the prosecutor.  Foreman argues that counsel should have objected on grounds that the following statement made by the prosecutor during voir dire impermissibly misled and

---

[7]Respondent Dretke's Motion for Summary Judgment, Docket Entry No. 9, at 10.

inflamed the jury:  "This is a very sensitive crime, rape.  It doesn't get much worse than this.  This is not a dope case.  This is not a simple assault case.  This is bad.  Okay?" (III R.R. 105) The prosecutor's comments, however, were in pursuit of a legitimate line of questioning designed to uncover any potential bias or prejudice among veniremembers with regard to the nature of the charged offense.  The respondent argues, and the court presumes, that Foreman's counsel followed sound trial strategy in not objecting to the prosecutor's comments, perhaps for fear of drawing unwanted attention to the comment or creating an inference that the defense was of the opinion that rape is not a particularly sensitive crime.[8]  The court therefore concludes that counsel was not deficient.

Foreman also complains that counsel was deficient in not objecting to the prosecutor's closing remarks concerning the defense's failure to call an expert DNA witness.  (VI R.R. 88-89) Foreman is mistaken as to this ground.  Counsel did object to any mention of the defense's failure to call an expert witness in the form of a motion in limine.  (C.R. 100; VI R.R. 71-72)  The court denied the motion insofar as it precluded the prosecutor from commenting on Foreman's ability to call an expert on DNA evidence. (VI R.R. 71-72)  Any additional objection during closing arguments

---

[8]Respondent Dretke's Motion for Summary Judgment, Docket Entry No. 9, at 13.

would therefore have been futile since the court had already ruled on the issue.  Because the failure to make a futile objection does not render counsel's performance deficient, such conduct cannot serve as the basis for an ineffective assistance claim.  See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994) (stating that "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite").

In the third instance Foreman argues that counsel should have objected on grounds of hearsay to HPD Officer Charles Sheffield's testimony that the complainant told him she had to excuse herself to vomit while being interviewed subsequent to the assault.[9]

---

[9]The full text of Officer Sheffield's testimony is as follows:

[Prosecutor].  Was that somebody that you later came to know or you identified at that time as [the complainant]?

[Officer Sheffield].  Yes.

[Prosecutor].  Okay.  And how was she acting?

[Officer Sheffield].  She was very upset.  As a matter of fact, during the time that I interviewed her, she had to excuse herself to go to the rest room approximately four times.  She told me that each time she went in there and she threw up.

[Prosecutor].  Okay.  And did she—without going into everything that she did tell you, did she basically tell you what happened?

[Officer Sheffield].  She told me she had been raped.

[Counsel].  Objection, your honor.  Object to hearsay.

[The Court].  Sustained.

(V R.R. 97)

Foreman makes no showing of prejudice, however, to satisfy his burden under <u>Strickland</u>.  There is no reasonable probability that the outcome of Foreman's trial would have been different had counsel objected to Officer Sheffield's statement.  Officer Sheffield's testimony that the complainant vomited was not central to Foreman's guilt.  There is ample other evidence in the record to support his conviction.  Furthermore, counsel did make a proper hearsay objection to Officer Sheffield's later statement that the complainant told him she was raped.

Foreman complains, in the fourth instance, that counsel should have objected to the admissibility of the complainant's testimony on grounds of prior inconsistent statements.  However, prior contradictory statements of a witness go to the credibility, rather than the admissibility, of the testimony.  <u>See</u> <u>Lafoon v. Texas</u>, 543 S.W.2d 617, 620 (Tex. Crim. App. 1976).  Texas law provides that "the jury in all cases is the exclusive judge of the facts proved, and of the weight to be given the testimony." TEX. CODE OF CRIM. PROC. ANN. art. 38.04 (Vernon 2000); <u>see</u> <u>also</u> <u>Heiselbetz v. Texas</u>, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995); <u>Lafoon</u>, 543 S.W.2d at 620. It is within the province of the jury to reconcile conflicts in testimony, and if the testimony is irreconcilable, jurors have the right to believe that which they deem most worthy.  <u>Id</u>.  The record shows that counsel brought the complainant's contradictory statements to the jury's attention.  In so doing, counsel performed

well within the wide range of acceptable professional conduct and did not render ineffective assistance under the <u>Strickland</u> standard.

In the fifth instance Foreman alleges that counsel erred in failing to object to the admissibility of DNA evidence. Specifically, Foreman argues that counsel should have requested a hearing outside the presence of the jury to determine the reliability of the evidence pursuant to the Texas Court of Criminal Appeals' holding in <u>Kelly v. Texas</u>, 824 S.W.2d 568 (Tex. Crim. App. 1992).[10]  A letter from Foreman's independent DNA consultant discussing errors in HPD lab procedures forms the basis for Foreman's assertion that the DNA evidence was unreliable.[11]  While counsel could have requested a hearing to determine the reliability of the DNA evidence, the issue at trial was not Foreman's identity. Even if the DNA evidence had been shown to be unreliable and inadmissible, the jury heard ample other evidence to establish that Foreman was the perpetrator of the crime.  Because there was no prejudice, counsel's assistance was not ineffective under the <u>Strickland</u> standards.

---

[10]<u>Kelly</u> requires the following three criteria to be satisfied by the proponent of novel scientific evidence, such as DNA evidence, in a hearing outside the presence of the jury: "(1) the underlying scientific theory must be valid; (2) the technique applying the theory must be valid; and (3) the technique must have been properly applied in the case."  <u>Kelly v. Texas</u>, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992).

[11]Petitioner's Brief, Docket Entry No. 1, at 6.

Additionally, Foreman alleges that counsel's failure to request curative instructions for two of his sustained objections was deficient under <u>Strickland</u>.  The two objections at issue are (1) a sustained hearsay objection to the complainant's testimony that a hospital nurse told her Foreman ejaculated inside her body[12] and (2) a sustained objection to the prosecutor's question whether anybody from Foreman's family had approached the complainant with a cash offer to dismiss the case.[13]   While counsel could have requested curative instructions, the jury heard the objections and the trial court's ruling in both instances.  The reliability and fairness of the conviction are not undermined because the jury was not instructed to disregard the complainant's hearsay statement or the prosecutor's question.

4.   <u>Conclusion</u>

The state trial court found that "[t]he totality of the representation afforded [Foreman] was sufficient to protect his right to reasonably effective assistance of counsel in the primary case."[14]  For the foregoing reasons, the state court's finding of effective assistance of counsel was not contrary to or an unreasonable application of clearly established federal law.

---

[12]IV R.R. 45.

[13]V R.R. 29-30.

[14]<u>Ex parte Foreman</u>, Application No. 53,296-02, at 74.

-17-

Accordingly, respondent is entitled to summary judgment on Foreman's ineffective assistance of trial counsel claim.

**B.   Ineffective Assistance of Appellate Counsel**

Foreman alleges in his second ground for relief that his appellate counsel failed to raise as grounds of error in his appeal claims of factual insufficiency and ineffective assistance of counsel.[15]

1.   Legal Standard

Although a state need not provide a criminal defendant appellate review of his conviction, when a state confers a right to prosecute a first appeal, as does Texas, the Sixth Amendment entitles the defendant to the effective assistance of counsel on that appeal. Evitts v. Lucey, 105 S. Ct. 830, 834 (1985); TEX. CODE CRIM. PROC. ANN. art 44.02 (Vernon 2005); TEX. R. APP. P. 25.2.

The Supreme Court distinguished between two types of denial of effective assistance of appellate counsel in Penson v. Ohio, 109 S. Ct. 346 (1988). The first type consists of counsel's failure to raise or properly brief or argue certain issues on appeal. Sharp v. Puckett, 930 F.2d 450, 451-52 (5th Cir. 1991). Here, a showing of Strickland prejudice is required. Id. The second type involves the actual or constructive denial of any assistance of appellate

---

[15]Petition for a Writ of Habeas Corpus, Docket Entry No. 1, at 7.

counsel.  <u>Id</u>.  In such instances prejudice is presumed and need not be shown under <u>Strickland</u>.  <u>Id</u>.  That is, "[i]f a petitioner can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further establish—as a prerequisite to habeas relief—that he had some chance of success on appeal."  <u>United States v. Gipson</u>, 985 F.2d 212, 215 (5th Cir. 1993).

    2.  <u>Application</u>

The conduct that Foreman alleges constitutes ineffective assistance of appellate counsel does not relate to the actual or constructive denial of assistance on appeal.  Rather, Foreman challenges appellate counsel's failure to raise certain issues.  In order to successfully assert his claim Foreman must therefore satisfy the <u>Strickland</u> standard.

Foreman contends that inconsistent statements made by the complainant at trial gave rise to a factual insufficiency claim and that it was constitutional error for appellate counsel not to raise this claim on appeal.  Under Texas law, the critical inquiry on review of factual sufficiency of the evidence is whether "the evidence supporting the verdict is so weak as to render the verdict clearly wrong and manifestly unjust.  A clearly wrong and manifestly unjust verdict occurs where the jury's finding 'shocks the conscience,' or 'clearly demonstrates bias.'"  <u>Zuniga v. Texas</u>,

144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  A reviewing court must give a "neutral view" with deference "to the jury verdict, as well as to determinations involving the credibility and demeanor of witnesses."  Id.  Federal courts "must refer to the substantive elements of the criminal [offense] as defined by state law" to assess the sufficiency of the evidence.[16]  Weeks v. Scott, 55 F.3d 1059, 1062 (5th Cir. 1995).

Ample evidence was presented in the case against Foreman to negate any concern that his conviction was clearly wrong or manifestly unjust.  Foreman was identified by the complainant as the man who sexually assaulted her.  (IV R.R. 28-29)  Foreman told his niece that he and the complainant had intercourse, and his niece testified to that fact.  (V R.R. 39-40)  Foreman's DNA was found on the rape kit swabs.  (VI R.R. 11)  Finally, any prior contradictory statements made by the complainant were considered by the jury in carrying out its duty to assess the credibility of the evidence.  See City of Keller v. Wilson, No. 02-1012, 2005 WL 1366509, at *8 (Tex. 2005).  Nothing in the record, therefore, "shocks the conscience."  Because this evidence is sufficient to support Foreman's conviction, Foreman was not prejudiced by

---

[16]The Texas Penal Code provision under which Foreman was convicted provides that a person commits the offense of sexual assault if the person "intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means." Tex. Penal Code § 22.011(a)(2)(A) (Vernon 2004).

appellate counsel's failure to raise a sufficiency of the evidence claim on direct review.  That is, there is no reasonable probability that had appellate counsel raised the claim, the result of the appeal would have been different.  Appellate counsel's assistance in this respect was not ineffective under Strickland.

Furthermore, as discussed in part III.A. of this Memorandum Opinion, Foreman has no valid claim for ineffective assistance of trial counsel.  Appellate counsel's performance was therefore not deficient in failing to raise the claim on direct review, nor could prejudice result.

## C.   Prosecutorial Misconduct

Foreman argues in his third ground for relief that the improper crime lab techniques employed by the HPD, the presentation of "trumped up" evidence, and the failure to disclose certain evidence constitute "outrageous government conduct" that taints the reliability of his conviction.[17]  The assertion of this ground as an outrageous government conduct claim is misguided because that standard applies where the government is overly involved in the commission of the charged offense.  See United States v. Arditti, 955 F.2d 331, 343 (5th Cir. 1992); United States v. Nations, 764 F.2d 1073, 1077 (5th Cir. 1985).  The cases cited by Foreman

---

[17]Petition for a Writ of Habeas Corpus, Docket Entry No. 1, at 7.

involve instances of entrapment.  See Hampton v. United States, 96
S. Ct. 1646 (1976) (defendant convicted for the sale of narcotics
obtained from a government informant); United States v. Hudson, 982
F.2d 160 (5th Cir. 1993) (defendant's partner in counterfeiting
scheme was an undercover police officer).  Here, the challenged
government conduct occurred subsequent to the commission of the
crime during the investigation and prosecution.

     Because Foreman is proceeding pro se, however, the court
construes his petition liberally.[18]  See Haines v. Kerner, 92 S. Ct.
594 (1972) (per curiam);  see also Pena v. United States, 122 F.3d
3, 4 (5th Cir. 1997).  Like the respondent, the court interprets
Foreman's claim to be one for prosecutorial misconduct.[19]

     1.   Legal Standard

     The review of a claim of prosecutorial misconduct under 28
U.S.C. § 2254 is narrow in scope.  Passman v. Blackburn, 652 F.2d
559, 567 (5th Cir. 1981).  The court must determine whether the
alleged misconduct was so prejudicial as to render the trial

---

     [18]Courts must liberally construe the applications of pro se
petitioners.  See Pena v. United States, 122 F.3d 3, 4 (5th Cir.
1997).  Procedural rules must give way at times to the "unique
circumstance of incarceration."  McNeil v. United States, 113
S. Ct. 1980, 1984 (1993) (citing Houston v. Lack, 108 S. Ct. 2379,
2385 (1988)).  The court holds pro se complaints to "less stringent
standards than formal pleadings drafted by lawyers."  Haines v.
Kerner, 92 S. Ct. 594, 596 (1972).

     [19]Respondent Dretke's Motion for Summary Judgment, Docket Entry
No. 9, at 17.

fundamentally unfair in violation of the due process clause.  <u>See</u>
<u>Greer v. Miller</u>, 107 S. Ct. 3102, 3109 (1987); <u>Barrientes v.</u>
<u>Johnson</u>, 221 F.3d 741, 753-54 (5th Cir. 2000).  "To constitute a
due process violation, the prosecutorial misconduct must be of
'sufficient significance to result in the denial of the defendant's
right to a fair trial.'"  <u>Greer</u>, 107 S. Ct. at 3102.  A trial is
deemed to be unfair where there is a reasonable probability that
the verdict would have been different absent the misconduct.
<u>Barrientes</u>, 221 F.3d at 753.  Only in the most egregious
situations, therefore, will a prosecutor's improper conduct violate
constitutional rights.  <u>Ortega v. McCotter</u>, 808 F.2d 406, 410-11
(5th Cir. 1987).

To establish a due process violation based on the state's
knowing use of false or misleading evidence, a habeas petitioner
must show that

> (1) the evidence was false, (2) the evidence was
> material, and (3) the prosecution knew that the evidence
> was false.  Evidence is "false" if, <u>inter</u> <u>alia</u>, it is
> "specific misleading evidence important to the
> prosecution's case in chief."  False evidence is
> "material" only if "there is any reasonable likelihood
> that [it] could have affected the jury's verdict."

<u>Nobles v. Johnson</u>, 127 F.3d 409, 415 (5th Cir. 1997) (citations
omitted).

In other instances the non-disclosure of evidence may support
a claim for prosecutorial misconduct under <u>Brady v. Maryland</u>.  <u>See</u>
83 S. Ct. 1194, 1196-97 (1963) ("[T]he suppression by the prosecu-

tion of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). To establish a <u>Brady</u> violation a habeas petitioner must show that the prosecution suppressed evidence favorable to him and material to either guilt or punishment. <u>Id</u>. Suppressed evidence is material under <u>Brady</u> where there is a "'reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" <u>Miller v. Dretke</u>, 404 F.3d 908, 914 (5th Cir. 2005) (quoting <u>United States v. Bagley</u>, 105 S. Ct. 3375, 3383 (1985)).

    2.  <u>Application</u>

Under the three-step analysis from <u>Nobles v. Johnson</u>, Foreman must first demonstrate that evidence used by the prosecution was false in order to pursue his claim for prosecutorial misconduct. While Foreman criticizes the techniques used by the HPD lab in analyzing the DNA evidence, Foreman offers no evidence that the DNA test results were inaccurate. Similarly, the allegations that the prosecution's evidence was "trumped up" are bare assertions and do nothing to satisfy Foreman's burden of showing the evidence to be false. Because Foreman fails in the first step of the analysis, his petition does not support a claim for prosecutorial misconduct as to the use of DNA or other evidence.

To successfully challenge the prosecution's alleged failure to disclose evidence, Foreman must establish that the non-disclosure amounted to a <u>Brady</u> violation.  Foreman does not identify, however, any evidence withheld by the prosecution.  As a result, it is not possible for the court to determine whether the prosecution suppressed evidence favorable to Foreman and material to either guilt or punishment, as is required by <u>Brady</u>.  Foreman's claim for prosecutorial misconduct fails.

**D.   Confrontation Clause and Cross-Examination**

Petitioner argues in his fourth ground for relief that the admission of prior jail records during the punishment phase of his trial was a violation of the Confrontation Clause, as he was not given the opportunity to cross-examine anyone regarding the reliability of the records.[20]

1.   <u>Legal Standard</u>

The Sixth Amendment's Confrontation Clause provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend VI.  "If one were to read this language literally, it would require, on objection, the exclusion of any statement made by a declarant not present at trial" and would "abrogate virtually every

---

[20]Petition for a Writ of Habeas Corpus, Docket Entry No. 1, at 8.

hearsay exception." <u>Ohio v. Roberts</u>, 100 S. Ct. 2531, 2537 (1980), <u>overruled in part by Crawford v. Washington</u>, 124 S. Ct. 1354, 1374 (2004).[21]   This result, however, is not intended, and the Supreme Court has worked to balance this fundamental right to confront witnesses at trial with the state's interest in effective law enforcement.   <u>Id</u>.

The Confrontation Clause restricts the admissibility of hearsay in two ways.   First, it establishes a rule of necessity requiring that the prosecution produce or demonstrate the unavailability of a declarant whose statement it wishes to use against the accused at trial.   <u>Id.</u> at 2538.   Second, the testimony must bear adequate "indicia of reliability" in order to be admissible.   <u>Mancusi v. Stubbs</u>, 92 S. Ct. 2308, 2313 (1972). Reliability can be inferred where the evidence falls within a firmly rooted hearsay exception.   <u>Roberts</u>, 100 S. Ct. at 2539.   In

---

[21]In <u>Crawford v. Washington</u> the Court held that where non-testimonial hearsay is at issue, <u>Roberts</u> controls.   124 S. Ct. 1354, 1374 (2004).   But, where testimonial evidence is presented, the Sixth Amendment requires a showing of unavailability and prior opportunity for cross-examination.   <u>Id</u>.   The court "[left] for another day any effort to spell out a comprehensive definition of 'testimonial,'" but indicated that things such as police interrogations and prior testimony at preliminary hearings and grand juries would fall into the category.   <u>Id</u>.   Foreman's jail records are distinguishable from the examples of testimonial evidence listed in <u>Crawford</u> in that they contain a mere listing of incidents in which Foreman was involved, dates, and the sanctions imposed by prison officials.   (VIII R.R. Exhibit 9)   Because the records are not testimonial evidence, the <u>Roberts</u> analysis is applicable to the instant claim.

all other cases reliability must be shown through "particularized guarantees of trustworthiness." Id.

The business records exception is a firmly rooted hearsay exception. United States v. Abrego, 141 F.3d 142, 179 (5th Cir. 1998). The Texas business records exception provides that a record "of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge," is not excluded by the hearsay rule "if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the . . . record." TEX. R. EVID. 803(6). Under Texas law a defendant's jail records, introduced at the punishment phase of trial, are generally admissible under the business records exception.[22] See Jackson v. Texas, 822 S.W.2d 18, 30-31 (Tex. Crim. App. 1990) (holding records were admissible because they were made by one with personal knowledge at or near the time of some concrete event in the regular course of business). Records prepared in routine, non-adversarial settings, however, are distinguished from those resulting from the more subjective task of investigating crime.[23] 839 S.W.2d 798, 803-04 (Tex. Crim. App. 1990). The latter records are inadmissible

---

[22]Jail records introduced during the guilt-innocence phase of a criminal trial are inadmissible hearsay under the public records hearsay exception of Rule 803(8)(B) and, therefore, are not admissible under the business records exception of Rule 803(6). Cole v. Texas, 839 S.W.2d 798, 806 (Tex. Crim. App. 1990).

[23]The Fifth Circuit makes this same distinction. See United States v. Quezada, 754 F.2d 1190, 1193-94 (5th Cir. 1985).

hearsay, while the former are admissible as business records.  Id.
The right to confrontation and cross-examination are not violated
by the admission of jail records during the punishment phase of
trial.  See Jackson, 822 S.W.2d at 30-31.

2.   Application

Foreman argues that the records were created in the
adversarial environment of a prison and thus do not qualify under
the business records exception.  However, the jail records noted
nothing more than the type of incident (e.g., "assault on inmate"),
the date of the incident, and the sanctions imposed by prison
officials.  (VIII R.R. Exhibit 9)  The records are documents
recording routine, objective observations made as part of the daily
operations of the correctional facility.  See id.; Cole, 839 S.W.2d
803-04; McGowan v. Texas, 664 S.W.2d 355 (Tex. Crim. App. 1984).
This information is essentially ministerial.  The factors found by
the Cole court to affect the perception of an official engaged in
the more subjective law enforcement functions of observation and
investigation of crime are not present in this case.  Consequently,
the records are admissible under the Texas business records
exception.

Foreman's jail records were properly admitted.  Because the
records were properly admitted under an established hearsay
exception, the records bear "adequate indicia of reliability."

-28-

Their admission into evidence does not violate Foreman's right to confrontation and cross-examination of the witnesses against him.

## E.   Denial of Due Process

Foreman argues in his fifth ground for relief that the trial court denied his due process right to present a defense by excluding evidence alleged to show Foreman's innocence in a prior attempted sexual assault conviction.[24] The trial court excluded the evidence because it was an impermissible collateral attack on a prior conviction.[25]

The right to collaterally attack prior convictions used to enhance sentencing is limited to instances in which the conviction was obtained in violation of the Sixth Amendment right to counsel. Custis v. United States, 114 S. Ct. 1732, 1738 (1994). Foreman has no colorable claim for denial of due process because he was assisted by counsel at trial. Because Foreman has no right to collaterally attack the prior attempted sexual assault conviction, he was not denied due process of law by the trial court's exclusion of evidence offered as proof of his actual innocence of that crime.

---

[24]Petition for a Writ of Habeas Corpus, Docket Entry No. 1, at 8. Foreman sought to rebut the evidence of his prior conviction by introducing the testimony of his stepdaughter, the victim of the previously attempted sexual assault. (VII R.R. 11-14) The step-daughter was to testify that she was never sexually assaulted by Foreman. Id. at 12.

[25]VII R.R. 13.

**F.   Actual Innocence**

Finally, Foreman argues that he is actually innocent of the crime for which he was convicted.[26]

1.   <u>Legal Standard</u>

The Supreme Court has never recognized actual innocence as an independent basis for granting a writ of habeas corpus.  <u>Herrera v. Collins</u>, 113 S. Ct. 853, 862-63 (1993).  "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact."  <u>Id.</u> at 860; <u>see also</u> <u>Moore v. Dempsey</u>, 43 S. Ct. 265, 265 (1923); <u>Hyde v. Shine</u>, 25 S. Ct. 760, 764 (1905); <u>Ex parte Terry</u>, 9 S. Ct. 77, 80 (1888).

> "Federal courts are not forums in which to relitigate state trials."  The guilt or innocence determination in state criminal trials is a "decisive and portentous event."  "Society's resources have been concentrated at that time and place in order to decide, within the limits of human fallibility, the question of guilt or innocence of one of its citizens."  Few rulings would be more disruptive of our federal system than to provide for federal habeas review of free-standing claims of actual innocence.

<u>Herrera</u>, 113 S. Ct. at 861 (citations omitted).

The <u>Herrera</u> court stated, for the sake of argument, that even if substantive actual innocence claims by themselves were legally cognizable, they would require an "extraordinarily high" showing of evidence to justify relief.  <u>See</u> 113 S. Ct. at 869.  This portion

---

[26]Petitioner's Brief, Docket Entry No. 1, at 6-7.

of the <u>Herrera</u> decision is <u>dicta</u>.  <u>See</u> <u>Robinson v. Johnson</u>, 151 F.3d 256, 267 (5th Cir. 1998).  The Fifth Circuit held that <u>Herrera</u> does not recognize a substantive actual innocence claim or bring into question the firm precedent that substantive claims of actual innocence do not state a claim on collateral review.  <u>See</u> <u>id.</u>; <u>Lucas v. Johnson</u>, 132 F.3d 1069, 1074-75 (5th Cir. 1998).

    2.  <u>Application</u>

Foreman is not entitled to habeas review based on his claim of actual innocence.  Moreover, even if a substantive, independent claim of actual innocence were available to habeas petitioners, Foreman's claim would fail.  Foreman's assertion that his actual innocence is established by the complainant's prior inconsistent statements, the biased state DNA evidence, and the results of his independent DNA consultation falls far short of the "extraordinarily high" showing of evidence that would be required by <u>Herrera</u>.

**IV.  <u>Motions for Evidentiary Hearing,<br>Discovery, and DNA Retesting</u>**

Petitioner's Motions for an Evidentiary Hearing, Discovery, and DNA retesting (Docket Entry No. 11) will be denied.  The court has determined that there are no disputed facts warranting an evidentiary hearing, discovery, or the retesting of DNA evidence and that summary judgment is proper.

-31-

### V.  Motion for Appointment of Counsel

The court will deny Foreman's Motion for Appointment of Counsel (Docket Entry No. 11).  Habeas corpus is a civil action, and there is no absolute constitutional right to the assistance of counsel in such proceedings in federal court.  <u>Callins v. Johnson</u>, 89 F.3d 210, 212 (5th Cir. 1996) (<u>citing</u> <u>Pennsylvania v. Finley</u>, 107 S. Ct. 1990, 1993 (1987)); <u>see also</u> <u>In re Joiner</u>, 58 F.3d 143, 144 (5th Cir. 1995).  The court has liberally construed all pleadings filed by the petitioner.

### VI.  Conclusion and Order

For the reasons discussed above, Foreman has failed to raise a claim that would justify issuance of a writ of habeas corpus. Respondent Dretke's Motion for Summary Judgment (Docket Entry No. 9) is **GRANTED**.  The Petition for a Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

Foreman's Motions for Evidentiary Hearing, Discovery, DNA Retesting, and Appointment of Counsel (Docket Entry No. 11) are **DENIED**.

Foreman's "Rule 56(F) Motion for Continuance" (Docket Entry No. 13) is **DENIED**.

**SIGNED** at Houston, Texas, on this 10th day of August, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE